## Board of Education of City of Corbin v. City of Corbin et al.

Feb. 26, 1946.

. H. C. Gillis and Robert L. Smith for appellant.

Oscar W. Black for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The question posed is whether a municipal corporation may appropriate funds to supplement the salaries of teachers in an independent school district whose bounds are conterminous with those of the city. The City of Corbin, by ordinance, appropriated $500 per month to the Board of Education of the Corbin School District for the purpose above stated.

The General Assembly, pursuant to Section 183 of the Constitution, has made provision for the establishment of county school districts and independent school districts. KRS 160.010 and KRS 160.020. Although some of the independent districts are conterminous with cities of the Commonwealth, each is a municipality or political subdivision separate and distinct from such a city, and over which the city has no control. Coppin v. Board of Education of City of Covington, 155 Ky. 387, 159 S. W. 937. Section 179 of the Constitution provides: "The General Assembly shall not authorize any county or subdivision thereof, city, town or incorporated district, to become a stockholder in any company, association or corporation, or to obtain or appropriate money for, or to loan its credit to, any corporation, association or individual, except for the purpose of constructing or maintaining bridges, turnpike roads, or gravel roads: Provided, if any municipal corporation shall offer to the Commonwealth any property or money for locating or building a Capital, and the Commonwealth accepts such offer, the corporation may comply with the offer."

This provision of the Constitution prohibits a municipality from making any donation to another municipality, or even to the Commonwealth itself, except for the specific purposes recited therein. That the framers of the Constitution intended to embrace a municipality within the meaning of the word "corporation" is manifested by their insertion of the proviso in the section. Whilst this provision of the Constitution does not prohibit a municipality from participating with another municipality in a function it is permitted or required to perform by itself and by which its inhabitants will reap a commensurate benefit, Board of Trustees of House of Reform v. City of Lexington, 112 Ky. 171, 65 S. W. 350; Crain v. Walker, 222 Ky. 828, 2 S. W. 2d 654; nevertheless it does prohibit a municipality from donating to a project from which no benefit may be received by it, or in which it may not independently engage.

Counsel for appellant cite Frost v. Central City, 134 Ky. 434, 120 S. W. 367, as authority for their contention that the appropriation is valid. In that case, the Court approved a bond issue authorized by the voters of Central City, the proceeds of which were to be used to erect school buildings. Apparently, the Court did not consider the question in the light of Section 179 of the

Constitution, because no reference was made to that section in the opinion; nor did the Court recognize the fact that Central City and the Central City School District were separate and distinct municipalities. The action of the city was upheld, upon the theory that the building of schools is a municipal purpose for which the city could become indebted. There can be no question that education, hence the construction of school buildings, and the appropriation of money for paying teachers, is a municipal function or purpose; nevertheless, it is a function exclusively delegated to school districts as arms of the State government; and, even though the district's boundary is conterminous with the boundary of a city, it is, in legal contemplation, as distinct therefrom as a district whose boundary does not even border thereon. Two municipalities, for their respective purposes, may govern the inhabitants of a given territory; but the one may not interfere with the other in the exercise of specified authority; nor may it, under Section 179, supra, reap a reward at the expense of the other. It could not be argued that Central City could build and donate a school building to the school district of Corbin; yet that would be as plausible as the contention that the City of Corbin can make the donation herein contended for, or that Central City legally could issue bonds to raise funds with which to construct buildings for the Central City School District.

For the reasons stated, we conclude that the action proposed is inhibited by Section 179 of the Constitution; and, to the extent that it conflicts with this opinion, the decision in Frost v. Central City, supra, is overruled.

Since the Chancellor's judgment conforms with the views herein expressed, it is affirmed.