**BOARD OF EDUCATION OF LOUIS-VILLE, Kentucky, et al., Appellants,**

v.

**BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

June 26, 1970.

Rehearing Denied Oct. 16, 1970.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellants.

Jo. M. Ferguson, Louisville, for Jefferson County Bd. of Education.

Michael R. McMahon, Asst. County Atty., Louisville, for Fiscal Court of Jefferson County, Ky.

J. Donald Dinning, McElwain, Dinning, Clarke & Winstead, Louisville, for Bd. of Education of Anchorage, Ky.

Donald I. Renau, Louisville, for Jefferson County Teachers Association.

Samuel L. Greenebaum, Greenebaum, Barnett, Doll & Matthews, Louisville, for Commissioners of Sinking Fund of Louisville, Ky.

Ray Corns, Dept. of Education, Frankfort, for Superintendent of Public Instruction.

Marshall B. Hardy, Jr., Hardy, Logan & Tross, Louisville, for Louisville Education Association.

REED, Judge.

The Louisville Independent School District, whose territory encompasses the major part of the City of Louisville, asserts that we should declare KRS 160.486 unconstitutional and void. This particular statute is part of Part VI of Chapter 2 of the 1965 Acts which was codified as KRS 160.482 to 160.488. It is a statutory scheme to provide additional revenue from a local source for the support of schools in counties with a population of 300,000 or more. The Louisville City School system complains that since KRS 160.486 requires distribution of the revenue to the various school districts located within the county on an average daily attendance basis, the effect is to divert revenue derived from earnings within its bailiwick to purposes other than that for which it exists and for the use of other entities to which the taxpayers of its area owe no duty and from which they derive no benefit. The Louisville Education Association, composed of teachers in the Louisville city school system, intervened in the lower court and asserted that another part of the same statutory plan (KRS 160.611) was also uncon-stitutional because it exempted nonresidents of the county from the tax authorized. This, the teachers' association claims, violates the uniformity provision of section 171 of the Constitution of Kentucky and also contravenes the equal protection of laws requirement of the Fourteenth Amendment of the Constitution of the United States. The Superintendent of Public Instruction intervened and contended in the trial court and argues on this appeal that the statutes under attack are valid. The Jefferson County school system and the Anchorage Independent school system, both also located within Jefferson County, maintain the legislation is constitutional in all respects. The attacks were unsuccessful in the lower court. The trial judge held that a prior suit in the Jefferson Circuit Court which resulted in an unappealed final judgment operated as res judicata in the current action and that, in any event, the two statutory provisions to which complaint was addressed are constitutional and within the power of the legislature. Hence, this appeal.

The statutory plan in substance requires the Fiscal Court of Jefferson County to impose license fees or an "occupational" tax at rates not to exceed one-half of 1 percent upon request of one or more boards of education of school districts within Jefferson County which contain at least 90 percent of the county's inhabitants. The voters of the entire county have the right to protest the imposition of the tax subject to specific provisions. A referendum at which the removal of the tax can be effected must be voted on by the residents of the entire county.

KRS 160.486 directs that the tax shall be collected by the fiscal court or its agent and the proceeds distributed to each school district within the county in proportion to the number of pupils in average daily attendance in each district as determined by the Superintendent of Public Instruction.

KRS 160.611 provides that no occupational license tax for schools shall be col-

lected from any individual who is not a resident of the county of the fiscal court imposing the school tax.

It is contended that the subject legislation violates the uniformity and public purpose provisions of Section 171 of the Constitution of Kentucky.

Section 183 of the Constitution categorically and directly states:

"The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state."

█ Thus, at the outset it would appear that the principal inquiry is whether the legislation under attack is appropriate. That determination is a legislative function. The people in their compact for government specifically recognized that education is primarily a state concern and they directed the legislative branch to accomplish an efficient system of common schools by appropriate legislation. That the legislation be "appropriate" is the only express limitation in the section. Since we are dealing with a legislative determination, we can only say this legislation is "inappropriate" if it contravenes some other constitutional provision of equal dignity.

Evidently the various school systems in Jefferson County deemed the legislation appropriate because they agreed to the imposition of the tax, maintained that it was valid in a prior action in circuit court, and have accepted and retained the revenue distributed to each of them for more than three years.

Approximately half of the total revenues are received from occupations, trades, or businesses being conducted within the boundaries of the City of Louisville Independent District, and the other half in the County School District. The amount collected in the Anchorage Independent District is very small. On an average daily attendance basis, the county school system receives a little more than 62 percent of the total revenue from the tax; the City

of Louisville school system receives about 37½ percent; and the Anchorage school system receives about ¼ of 1 percent.

The trial judge found that the relative positions of the districts within the county with regard to collections of revenues in each district will change as industrial and commercial development takes place; that the receipts by the districts will change as school-age population changes; and that the taxpayers may work in one school district, although they reside in another. In most cases where this variation occurs, the taxpayer is working and paying his tax in the city independent district, but residing and sending his children to school in the area of the county district.

█ The appellant, city school district, concedes that a local school board is an agency of the state but it argues that at the same time it is also a municipal corporation. Thus it asserts that the main issue is whether the legislature has the authority to divert taxes lawfully levied in one taxing district to another. The argument is that we are dealing with a local school district tax. We find no constitutional provisions specifying standards for the creation or alteration of school districts. Section 156 is specific as to municipalities. Certainly there are no constitutional guarantees that local school districts, which are purely creatures of the legislature in their creation and alteration, must be regarded by the legislature as autonomous fiefdoms for all purposes, particularly in face of the plenary power vested in the legislature by section 183 of the Constitution of Kentucky as regards the common schools of the state. Thus, though a school district possesses some of the attributes of a municipal corporation for some legal purposes as was recognized in Sims v. Board of Education of Jefferson County, Ky., 290 S. W.2d 491, and though a school district is regarded as a political subdivision for some legal considerations as pointed out in Board of Education of City of Corbin v. City of Corbin, 301 Ky. 686, 192 S.W.2d 951, a school district is, nevertheless, an

agency of the state subject to the will of the legislature and existing for one public purpose only—to locally administer the common schools within a particular area subject to the paramount interest of the state.

The city school board places its chief reliance on City of Lexington v. Hager, Ky., 337 S.W.2d 27. In that case, a statute provided a minimum salary for coroners. The act provided that in any county containing a city of 50,000 population or more such city must pay the coroner a supplementary salary. The coroner is specifically designated a county officer by the Constitution. The municipalities involved are recognized under the specific provisions of section 156 of the Constitution.

The act was held unconstitutional as violative of section 171. The Hager case construed section 171 as requiring that taxes may be levied and collected only for a public purpose of the particular tax levying unit. The court concluded on the facts presented that the act would require the expenditure of city funds for county purposes. Taxes levied for one purpose must not be devoted to another. Section 180 of the Constitution of Kentucky.

In Board of Trustees of P.& F. R.F. v. City of Paducah, Ky., 333 S.W.2d 515, we pointed out that education was a matter of general public concern rather than strictly local in character. We also suggested that the real meaning of Section 181 of our Constitution was that the General Assembly may not impose taxes on the state as a whole and then out of the general fund provided make an appropriation for local purposes of a county or city. We validated a statute in that case which required a city to make contributions to a police and firemen's pension system. The expressed reason was that the matter concerned was not strictly local but of general public concern.

Driver v. Sawyer, Ky., 392 S.W.2d 52, establishes that a county may levy a license tax and that the General Assembly may require a county to levy a license tax for a purpose which is local in application but is of statewide concern.

In the legislation before us, the county is required to impose a tax for school purposes. The tax is used only for school purposes within the county; the subject is one which is local in application but of statewide concern; the tax is one the county is authorized by the Constitution to levy; the legislature, which has the constitutional power to consolidate the entire state as one school district, determined a manner of distributing the proceeds of the tax to the school systems located in that county on a basis it deemed appropriate; the method is the same one used on a statewide distribution basis since the adoption of a constitutional amendment permitting it in 1953. Section 186 of the Constitution of Kentucky in its amended form was implemented by the Minimum Foundation Program which has now been in effect for some 15 years.

█ We are of the opinion that KRS 160.486 is valid and does not contravene the expressed will of the people contained in the Constitution of Kentucky.

█ The remaining issue is the claim of the Louisville Education Association that KRS 160.611, which exempts nonresidents of the county from payment of the tax, violates both our state and federal constitutions. This precise issue was decided adversely to their contentions in Kimmel v. Cook, a prior case in Jefferson Circuit Court. The judgment was not appealed and is final. The various school boards, parties to this action, were also parties in the Kimmel case. They sought to have the section declared valid. The Attorney General was a participating party in the Kimmel case. Kimmel and Anderson were recognized as proper class representatives to raise pertinent questions concerning the constitutionality of KRS 160.611. The Louisville Education Association did not intervene. They now assert that Anderson did not adequately represent the class of which their members are presumably a

part. The record shows a meticulous compliance with proper procedure by all parties concerned.

Ward v. Southern Bell Telephone and Telegraph Co., Ky., 436 S.W.2d 794 does not apply. In this case the identical subject matter is presented. There is no showing injustice would result. The tax is imposed on those who live and work in the county. When the impact and the incidence of the tax are admitted, it is as apparent that all those reasonably to be regarded as benefited are uniformly treated. Cf. State Bd. of Tax Commissioners v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L. Ed. 1248. Furthermore, the validity of the Association's argument as to inadequate class representation in the prior action depends upon the validity of the Louisville School Board's argument concerning the autonomous identity for all purposes of a school district. Since that argument has been rejected, the Association's attack fails by necessity. The prior judgment is binding.

The judgment is affirmed.

All concur.