**In re M. G., a Child.**

**No. 16619.**

Court of Civil Appeals of Texas, San Antonio.

Aug. 28, 1981.

Rehearing Denied Oct. 7, 1981.

J. G. Hornberger, Jr., Hornberger & Hornberger, Laredo, for appellant.

Billy S. McCarty, Texas Dept. of Human Resources, Laredo, for appellee.

## OPINION

ESQUIVEL, Justice.

This is an appeal from an order of the trial court declaring appellant Juan E. Castro (Castro) to be the parent of M. G., a child, in a paternity suit filed by the Texas Department of Human Resources pursuant to the Human Resources Code,[1] the Family Code,[2] and Section 18–B, Article 695c, Vernon's Annotated Texas Statutes.

Castro raises the following points of error:

*Point One*:

The trial court erred in overruling appellant's motion to vacate judgment.

*Point Two*:

Chapter 31 and Chapter 46 of Title 2 of the Human Resources Code violate the due process clause of the Fourteenth Amendment because they fail to provide notice and hearing to the father to contest the mother's application for welfare.

*Point Three*:

The state cannot constitutionally take a father's property as "reimbursement" under Chapter 46 of Title 2 of the Human Resources Code without giving the father an opportunity to contest the mother's initial application for welfare.

*Point Four*:

The Court erred in denying Appellant's Motion to Modify Judgment because Appellant is not liable for attorney's fees or the costs of blood tests under Chapter 46 of the Human Resources Code.

In his motion to vacate judgment, Castro contended that because he was not notified of the initial hearing to determine financial assistance eligibility of the mother of M. G. (1) he was denied due process to contest the mother's application for financial assistance, and (2) the "reimbursement" sought by the State was an unconstitutional taking of his property. In essence, these are the same contentions that Castro raises in his points of error numbers two and three. We do not agree with these contentions.

1. Tex.Hum.Res.Code Ann. § 46.001 et seq. (Vernon 1980).

2. Tex.Fam.Code Ann. §§ 13.01–13.09; 13.41–13.43 (Vernon 1980).

■ Castro was not entitled to notice of the initial hearing to determine eligibility of the mother to receive assistance pursuant to Aid to Families with Dependent Children (AFDC). Further, Castro was not entitled to appear and contest the mother's application for financial assistance. Accordingly, we hold that Castro was not denied due process and there was no unconstitutional taking of his property.

■ The essence of the AFDC program is dual federal and state participation.[3] Under this scheme of cooperative federalism, the U. S. Department of Health and Human Services in the *Code of Federal Regulations* erected the framework of the AFDC program while empowering the State of Texas to establish the eligibility requirements necessary for the operation of the state's program. The state through its administrative agency, the Department of Human Resources, has the power to formulate all rules and regulations necessary to implement the program, including all regulations to establish eligibility requirements to receive AFDC assistance. All current eligibility requirements of the State of Texas are contained in the *Department Handbook* published by the Department of Human Resources. We find no requirement in the *Code of Federal Regulations* nor in the *Department Handbook* that a father be notified of the estranged mother's application for financial assistance. We also do not find a requirement that a father be present and have an opportunity to oppose the provisions of assistance to a qualified mother. Assuming that the applicant spouse, in this case the mother of M. G., was denied financial assistance under AFDC, the other spouse would still not be entitled to notice of the hearing. To give notice to Castro or to any other person of the initial hearing to determine the eligibility of the mother to

receive assistance would violate sections 12.-003, 21.012 and 46.006 of the Human Resources Code which prohibit the disclosure of such information.

■ A hearing by the Department of Human Resources to determine financial assistance eligibility is not an "adversary proceeding" by a plaintiff against a defendant but is simply an application for benefits from a fund which the Department of Human Resources administers. An "adversary proceeding" as commonly understood presupposes a compulsory attendance of parties at a judicial or quasi-judicial proceeding and forfeiture of some right for failure to attend. *May Dept. Stores v. Brown*, 60 F.Supp. 735, 740 (W.D.D.C.Mo.1945). The initial hearing to determine eligibility did nothing more than establish that the mother of M. G. was entitled to AFDC assistance; it did not affect the property rights of Castro at that particular time. Therefore, the lack of notice to Castro was not a denial of due process.

■ In order for there to have been an unconstitutional taking of Castro's property at the initial hearing to determine eligibility, Castro must have been deprived of some property right at that time. As stated earlier, this did not occur. In fact, Section 13.42(a) of the Texas Family Code specifically prohibits the State from extracting any money from Castro since Castro denied paternity of M. G.[4] We agree that as a direct consequence of the granting of AFDC assistance by the Department of Human Resources the mother of M. G. and the state were under a duty to initiate a judicial proceeding against Castro for involuntary legitimation. Tex.Hum.Res. Code § 46.002(b) (Vernon 1980). But until such action was filed and until Castro was de-

---

**3.** *See* 42 U.S.C. § 601 et seq. (Supp.1981); and Tex.Hum.Res.Code Ann. §§ 11.001 et seq., 12.-001 et seq., 31.001 et seq.; 46.001 et seq. (Vernon 1980).

**4.** Section 13.42(a) states:
In a suit in which a determination of paternity is sought, the court may provide for the

managing and possessory conservatorship and support of and access to the child; except that no alleged father denying paternity may be required to make any payment for the support of the child until paternity is established.
Tex.Fam.Code Ann. § 13.42(a) (Vernon 1979).

clared a "parent" as defined in the Code[5] Castro was under no duty to support M. G. Castro suggests that the state has sought and received "reimbursement" in the form of child support payments which must be paid to the state. Castro complains that the order of the trial court ordering him to pay child support to the state was an unconstitutional taking of his property. The record clearly reflects that Castro enjoyed proper notice of the pleadings. He was given the right to take a blood test; he was afforded the right to an attorney; he enjoyed the right to present evidence and cross-examine witnesses; and, finally, he was afforded the right of a judicial hearing. The litigation was carried out under the letter of the law under the provisions of Section 46.003(a), Human Resources Code,[6] and Section 4.02, Family Code,[7] and the court was correct in ordering Castro to pay all future child support payments to the state.

■ Castro complains, in the remaining portion of his motion to vacate judgment, of the insufficiency of the evidence to support a finding of paternity because "such finding is based primarily on hearsay, to-wit: the blood test reports." The blood tests were admitted into evidence by the trial court without benefit of a witness and we agree with Castro that this was in violation of the hearsay rule; however, the evidence of the blood tests was but a small portion of the entire evidence considered by the trial court to support its findings of paternity. The trial court considered, in addition to the evidence of the blood tests, evidence of periods of conception and gestation and admissions of Castro bearing on paternity. We hold that the trial court erred in admitting the blood tests, but that this was harmless error. We have considered all the evidence and, even in the absence of the evidence of the blood tests, we are satisfied that the remaining evidence supporting the finding is factually sufficient. In fact, nowhere in the record do we find any evidence to the contrary; Castro offered none.[8]

We overrule appellant's points of error numbers one, two and three.

■ Finally, appellant contends that the trial court erred in granting the state attorney's fees and blood test costs under Tex. Hum.Res.Code Ann. § 46.001 et seq. (Vernon 1980). Castro maintains that in absence of specific statutory provisions, the defendant in a bastardy proceeding is not liable for the complainant's fees or costs. Castro stresses that, on the contrary, Title 2—Subtitle A of the Texas Family Code, limits the recovery of attorney's fees to actions brought under *its* provisions and does not extend to § 46.001 *et seq.* We disagree. Section 11.18(a) of the Family Code provides:

---

5. The Texas Family Code defines a "parent" as "... a man as to whom the child is legitimate ...." Tex.Fam.Code Ann. § 11.01(3).

6. Section 46.003(a), (b), provide in pertinent part:
    The filing of an application for or the receipt of financial assistance under Chapter 31 of this Code constitutes an assignment to the department of any rights to support from any other person which the applicant or recipient may have in his or her own behalf or for a child for whom the applicant or recipient is claiming assistance, including the right to the amount accrued at the time the application is filed or the assistance is received. An applicant's assignment under this section is valid only if the department approves the application. The department may distribute support payments or parts of payments received by it to the family for whom the payments are made or may use the payments to provide

assistance and services to and on behalf of needy dependent children.
    Child support payments for the benefit of a recipient child shall be made to department
    . . . .
    Tex.Hum.Res.Code Ann. § 46.003(a), (b) (Vernon 1980).

7. That section of the Family Code provides:
    Each spouse has the duty to support the other spouse, and each parent has the duty to support his or her minor child. A spouse or parent who fails to discharge the duty of support is liable to any person who provides necessaries to those to whom support is owed.
    Tex.Fam.Code Ann. § 4.02 (Vernon 1979).

8. Castro's attorney even admitted during oral argument before this Court that Castro was not contesting the paternity of M. G.

In any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

Section 13.03(b) states:

The court may fix a reasonable fee for each court-appointed examiner and may require the fee to be paid to any or all of the parties or by the Texas Department of Human Resources, if the department is a party of the suit, in the amounts and in the manner directed, or the court may tax all or part or none of the fee as costs in the suit.

Additionally, section 13.42(b) specifies:

In addition to the payment authorized by Section 14.05 of this Code, the court may award reasonable attorney's fees incurred in the suit.

The trial court did not err in granting attorney's fees and costs to the Department of Human Resources and against the appellant, the natural father of M. G. Specific statutory provisions permit the taxing of costs and fees against Castro. Consequently, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.