Lawrence REIS, Appellant,

v.

CAMPBELL COUNTY BOARD
OF EDUCATION, Appellee.

No. 95–SC–656–DG.

Supreme Court of Kentucky.

Dec. 19, 1996.

As Amended Dec. 20, 1996.

Arthur L. Brooks, Jane V. Fitzpatrick, Jill Osborne, Lexington, for appellant.

Garry L. Edmondson, Kenton County Attorney, Covington, for appellee.

STEPHENS, Chief Justice.

This Court granted discretionary review in the present case to decide whether KRS 161.790(8), which governs the right to appeal from a decision of a three-member tribunal concerning the termination of a tenured teacher's contract, is unconstitutional. The Campbell Circuit Court dismissed the petition by the Campbell County Board of Education [hereinafter Board] for a declaratory judgment to determine whether the Board has a guaranteed right to appeal the judgment of a tribunal and whether KRS 161.790(8) is arbitrary and unconstitutional. The Board subsequently appealed to the Court of Appeals which, by a unanimous decision, reversed the Campbell Circuit Court's order. After a careful review of the case, we affirm the decision of the Court of Appeals.

Appellant, Lawrence Reis, is a tenured teacher certified to teach kindergarten through the eighth grade in Kentucky. He has been employed by the Campbell County school system since 1977. In April, 1993, the Campbell County Superintendent notified appellant that his teaching contract was terminated due to his inefficiency and incompetency as a teacher. Appellant thereafter gave notice to the Superintendent and the Chief State School Officer of his intention to answer the charge and, pursuant to KRS 161.790, requested a hearing on the matter. The Chief State School Officer then appointed a three-member tribunal, as required by KRS 161.790(4), to conduct a hearing concerning appellant's termination.

The tribunal convened in June, 1993, and was presented with testimony and evidence by appellant and the Board relating to the charges against appellant. Reaching a different conclusion than the Superintendent, the tribunal determined that appellant's teaching contract should not be terminated. Because the language of KRS 161.790(8) grants a teacher the right to appeal the tribunal's decision to the circuit court and is silent concerning a board of education's right to appeal, the Board subsequently filed a petition for a declaratory judgment in Campbell Circuit Court, challenging the constitutionality of KRS 161.790(8) and requesting it be granted the right to appeal the tribunal's decision concerning appellant's termination.

The Campbell Circuit Court dismissed the Board's petition for declaratory judgment and ordered appellant to be reinstated to his teaching position with reimbursement for all lost wages and benefits. In its order of dismissal, the circuit court held that "[t]here is no inherent right of appeal from the action of an administrative agency to a court." Specifically, the court stated that appeals of administrative rulings are controlled by statute and, no statutory provision existed in this case which allowed the Board to appeal the tribunal's decision. In addition, the circuit court stated that "[f]or the purposes of termination proceedings pursuant to KRS 161.790, the tribunal appears to act for and takes the place of the Board itself," thereby making the tribunal an agent of the Board. Therefore, the circuit court concluded, "the Board itself has no authority to contest the actions of its own agency."

In a unanimous decision, the Court of Appeals reversed the circuit court's order. Analyzing whether the Board had the right to appeal apart from an express statutory grant, the court maintained that this inquiry turned upon whether a board of education was extended the protection of Section 2 of the Kentucky Constitution which prohibits "[a]bsolute and arbitrary power over the lives, liberty and property of freemen . . . ." The Court specifically noted that Section 2 applies to corporations and, thus, the inquiry turns upon whether the Board was an "entity" which was entitled to constitutional protection. To answer this question, the Court of Appeals looked to KRS 160.160(1) which describes a board of education as "a body politic . . . corporate with perpetual succession." The court then discussed the powers and authority of boards of education (i.e. to sue and be sued, to make contracts, expend funds, etc.). The court stated that the Board's most important power was "to do all things necessary to accomplish the purpose for which it was created." The court concluded that the Board's power to sue found by this Court in *Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186 (1989), was analogous to the power to appeal in this case. Moreover, the Court of Appeals held that our interpretation of Section 2 of Kentucky's Constitution, as stated in *American Beauty Homes v. Louisville County Planning Commission*, Ky., 379 S.W.2d 450, 456 (1964), applies to the present case and grants the Board an inherent right to appeal the tribunal's decision based on its arbitrariness.

Determining that the Board was an entity which deserved the protection of Section 2, the Court of Appeals shifted its inquiry to whether the three-member tribunal was an administrative body from which the Board could seek judicial review. The court compared the disciplinary process established in the 1990 Kentucky Education Reform Statutes [hereinafter KERA] statutes, with the prior existing mechanism, maintaining that it was obvious that the appointed tribunal was not an agent of the Board. Thus, the court concluded that the Board must be allowed to appeal such rulings to the circuit Court.

Finally, the Court of Appeals noted that Kentucky's General Assembly failed to include language within the pertinent statute which would grant a board of education the right to appeal. The Court asserted:

> This court cannot cure the statute's omission of the board's right to appeal by adding words to give KRS 161.790(8) constitutionally permissible meaning. . . .

> However, we are able to save the constitutionality of KRS 161.790(8) without judicially adding words which grant the board of education a right to appeal the tribunal's decision since *American Beauty Homes* mandates judicial review of administrative action based upon arbitrariness grounds "even in the absence of statutory authorization of an appeal." 379 S.W.2d at 456. In other words, the board of education has a right to appeal the tribunal's decision to the circuit Court on the grounds that the decision is arbitrary *notwithstanding* the express language of KRS 161.790(8).

Consequently, we granted appellant's motion for discretionary review to determine whether the Court of Appeals was correct in holding that the Board has the right to appeal the tribunal's decision, even where the General Assembly has expressly given the right to appeal solely to the teacher involved. Because this broad question presents several sub-issues, we will address each separately.

## I. IS THE TRIBUNAL AN AGENT OF THE BOARD IN A TEACHER TERMINATION PROCEEDING?

■ Appellant argues that the Court of Appeals has circumvented the clear language of KRS 161.790(8). He further maintains that the Court of Appeals erroneously held that an agency relationship did not exist between the tribunal and the Board. Appellant contends that the tribunal is an agent of the Board simply because the Board provides for the tribunal's travel expenses and provides a court reporter for the hearing. We agree with the Court of Appeals that appellant did not meet his burden of proving an agency relationship between the tribunal and the Board before the circuit court. *Wright v. Sullivan Payne Co.*, Ky., 839 S.W.2d 250, 252 (1992).

The passage of the KERA, the legislative response to our decision in *Rose v. Council for Better Education, Inc., supra*, which declared Kentucky's common school system unconstitutional, resulted in the amendment of KRS 161.790, a statute relating to the termination of a contract by a school board. Before the amendment to KRS 161.790, the local board of education was "cast into and occupie[d] the roles of employer, investigator, accuser, prosecutor, jury and judge ...." *Board of Education of Pulaski Co. v. Burkett*, Ky., 525 S.W.2d 747, 747 (1975). See *Osborne v. Bullitt County Board of Education*, Ky., 415 S.W.2d 607 (1967). Moreover, prior to its amendment, KRS 161.790 vested sole authority to terminate tenured teachers in local boards of education. KRS 161.790(3)–(4) (1988).

Under the current version of KRS 161.790, the Board retains only three responsibilities in the teacher termination process. First, the Board must "provide for a tape and stenographic report of the proceedings and furnish the teacher with a copy." KRS 161.790(5). Second, the Board must "pay each member of the tribunal a per diem of one hundred dollars ($100) and travel expenses." *Id.* Finally, the Board must pay for the costs of the transcript of the hearing before the tribunal. KRS 161.790(8).

Furthermore, the superintendent is now given authority to initiate termination of a teacher's contract by "furnish[ing] the teacher with a written statement specifying in detail the charge against the teacher," prior to notifying the board of education of termination of the teacher's contract. KRS 161.790(3). The superintendent has also been given the authority to "suspend the teacher pending final action to terminate the contract, if, in his judgment, the character of the charge warrants the action." KRS 161.790(7). The remaining powers of hearing the teacher's answer to the charge and terminating the teacher's contract by a majority vote, for so long within the sole province of the board of education, now reside in the three-member tribunal appointed by the chief state school officer. KRS 161.790(4)–(6).

Basically, KERA's new composition of KRS 161.790 removes all control from a board of education when passing upon the recommendation of the superintendent to terminate a teacher. Specifically, the current version of KRS 161.790(4) states:

Upon receiving the teacher's notice of his intention to answer the charge, the chief state school officer shall appoint a three (3) member tribunal, consisting of one (1) teacher, one (1) administrator, and one (1) lay person, none of whom reside in the district, to conduct an impartial hearing within the district. The chief state school officer shall name the chairman and set the date and time for the hearing. The hearing shall take place no less than twenty (20) days nor more than thirty (30) days after the teacher receives the statement of charges.

Under Kentucky law the right to control is considered to be the most critical element in determining whether an agency relationship exists. *Grant v. Bill Walker Pontiac–GMC, Inc.*, 523 F.2d 1301 (6th Cir. 1975). As is evident in KRS 161.790(4), the composition and control of the tribunal is vested in the chief state school officer who appoints its members. The Board has no right of control over the tribunal. As the Court of Appeals appropriately pointed out, the tribunal's three members are appointed by the chief state school officer, reside outside the school district in which the termination proceeding takes place, conduct an impartial hearing at which the Board is a party that may be represented by counsel and may present evidence and testimony, and render independent decisions by a majority vote.

Thus, we conclude that the essence of the amended version of KRS 161.790(4) negates the circuit court's opinion that the tribunal is only an agent of the board of education in termination proceedings. The three-member tribunal created in KRS 161.790(4) is a separate and distinguishable entity from the Board. Since the tribunal is not an agent of the Board, the Board is not barred from appealing the tribunal's decision.

## II. IS THE BOARD ENTITLED TO PROTECTION BY SECTION 2 OF THE KENTUCKY CONSTITUTION?

■ Next, we must determine whether the Board is protected by Section 2 of Kentucky's Constitution, which prohibits "[a]bsolute and arbitrary power over the lives, liberty and property of freemen . . . ." Appellant argues that the Court of Appeals erred in holding that the Board was entitled to the protection of Section 2 of Kentucky's Constitution. Appellant asserts that this decision ignores a long line of cases which determined that Section 2 serves to protect the people of the Commonwealth from the state, and not the state from itself. See *Board of Education v. Jayne*, Ky., 812 S.W.2d 129 (1991); *Clevinger v. Board of Education*, Ky., 789 S.W.2d 5 (1990); *Kentucky Milk Marketing v. Kroger Co.*, Ky., 691 S.W.2d 893 (1985); *Cullinan v. Jefferson County*, Ky., 418 S.W.2d 407 (1967). Appellant maintains that the Court of Appeals decision circumvents this case law by finding the Board to be comparable to a private corporation. He asserts that by characterizing the Board as a corporation, the Court of Appeals has ignored numerous rulings of this Court to the contrary. *Clevinger v. Board of Education*, Ky., 789 S.W.2d 5, 10 (1990); *Smiley v. Hart Co. Board of Education*, Ky., 518 S.W.2d 785, 786 (1974); *Copley v. Board of Education*, Ky., 466 S.W.2d 952, 953 (1971); *Carr v. Wright*, Ky., 423 S.W.2d 521, 522 (1968); *Cullinan v. Jefferson County*, Ky., 418 S.W.2d 407, 408 (1967); *Wood v. Board of Education*, Ky., 412 S.W.2d 877, 878 (1967). Basically, appellant contends that the Board is either a state agency entitled to sovereign immunity or a corporation entitled to protection from the excesses of the state. We disagree.

In our opinion in *American Beauty Homes Corp. v. Louisville, etc.*, Ky., 379 S.W.2d 450, 456 (1964), and numerous other decisions, we extended Section 2 protection to corporations. *Remote Services, Inc. v. FDR Corp.*, Ky., 764 S.W.2d 80 (1989); *Kentucky Milk Marketing and Antimonopoly Commission v. Kroger Co.*, Ky., 691 S.W.2d 893 (1985); *U.S. Mining & Exploration Natural Resources Co., Inc. v. City of Beattyville*, Ky., 548 S.W.2d 833 (1977); *Illinois Central Railway Co. v. Commonwealth*, 305 Ky. 632, 204 S.W.2d 973 (1947); *City of Jackson v. Murray–Reed–Slone & Co.*, 297 Ky. 1, 178 S.W.2d 847 (1944).

KRS 160.160(1) specifically describes a board of education as "a body politic and corporate with perpetual succession." Black's Law Dictionary defines a "body politic or corporate" as a term that can be " . . . applied to a municipal corporation, school district, county or city."

Furthermore, KRS 160.160(1) grants the following powers to the board of education:

It may sue and be sued; make contracts; expend funds necessary for liability insurance premiums and for the defense of any civil action brought against an individual board member in his official or individual capacity, or both, on account of an act made in the scope and course of his performance of legal duties as a board member; purchase, receive, hold, and sell property; issue its bonds to build and construct improvements; and do all things necessary to accomplish the purposes for which it is created.

Of the wide variety of powers granted to the Board, we determined in *Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186, 200 (1989), that the most significant of these powers is the power to "do all things necessary to accomplish the purposes for which it is created." We recognized in that case that such powers gave a school board the power to sue. With this in mind, the Court of Appeals found the power to sue in *Rose* analogous to the power of the Board in the present case to appeal. We agree.

In *Board of Education of Louisville v. Board of Education of Jefferson County*, Ky., 458 S.W.2d 6 (1970), the former Court of Appeals declared that boards of education were not municipal corporations. Specifically, the Court held:

[T]hough a school district possesses some of the attributes of a municipal corporation for some legal purposes as was recognized in *Sims v. Board of Education of Jefferson County*, Ky., 290 S.W.2d 491 [ (1956) ], and though a school district is regarded as a political subdivision for some legal consid-

erations as pointed out in *Board of Education of City of Corbin v. City of Corbin,* 301 Ky. 686, 192 S.W.2d 951 [(1946)], a school district is, nevertheless, an agency of the state subject to the will of the legislature and existing for one public purpose only—to locally administer the common schools within a particular area subject to the paramount interest of the state. *Board of Education of Louisville,* 458 S.W.2d at 8–9.

In *Rose v. Council for Better Education, Inc., supra* at 200, this Court limited the breadth of the holding in *Board of Education of Louisville* in its discussion of whether local boards of education could sue the Commonwealth. Specifically we asserted that the language in *Board of Education of Louisville:*

> [S]imply reiterates that the local districts are creatures of the state, and that when the issue of 'appropriate legislation' (Ky. Const. § 183) is in contention, the state's decision is final, unless violative of another section of the constitution. The decision ... certainly does not declare either directly or inferentially that a local school board cannot sue the state.

*Rose,* 790 S.W.2d at 200. As we further stated in *Rose,* "our General Assembly has given local districts a perpetual, corporate existence, and has in two statutes (KRS 160.160 and 160.290), specifically given local boards virtual unlimited authority to carry out their duty of promoting local education." *Id.* at 201. Thus, we agree with the Court of Appeals that the Board is a political body with a corporate structure which garners Section 2 protection.

## III. DOES THE KENTUCKY CONSTITUTION GRANT THE BOARD AN INHERENT RIGHT TO APPEAL THE TRIBUNAL'S DECISION BASED ON SECTION 2?

■ Next, appellant argues that the Court of Appeals wrongly decided that Section 2 grants the Board an inherent right to appeal the tribunal's decision. Appellant maintains that according to *Board of Education v. Chattin,* Ky., 376 S.W.2d 693 (1964), a property or liberty interest must exist for the Board to have a constitutional right to appeal the tribunal's decision. Appellant asserts that the Court of Appeals ignored this decision in its opinion. We disagree as the Court of Appeals appropriately relied on *American Beauty Homes, supra,* in reaching its conclusion that a corporation has an inherent right to seek judicial review of arbitrary administrative actions.

Before the amendment to KRS 161.790, the former Kentucky Court of Appeals held a board of education to be an administrative body, even though its functions are not exclusively administrative. *Osborne v. Bullitt County Board of Education,* Ky., 415 S.W.2d 607, 611 (1967). Specifically, the court stated:

> A board of education is a part of the executive department, but in the operation of our public school system it exercises not only purely administrative functions, but others of a legislative character, and still others of a quasi-judicial character....
>
> Of the quasi-judicial type is the power to hear and determine proceedings for the cancellation of contracts of tenure teachers.
>
> Although a board of education in the exercise of such powers of cancellation acts as a quasi-judicial body, it does not thereby lose its identity as an administrative body and become a court to the extent that the regularity of its action is to be tested by strict legal rules prevailing in court proceedings.

*Osborne,* 415 S.W.2d at 611 (Citing *State ex rel. Steele v. Board of Education of Fairfield,* 252 Ala. 254, 40 So.2d 689 (1949)).

Judicial review does not hinge upon whether the Board has a property or liberty interest at stake, but upon whether the tribunal or administrative body acted arbitrarily and without substantial evidence. It is well settled in Kentucky that an aggrieved party, including a corporation, has an inherent right to seek judicial review of arbitrary administrative actions. *American Beauty Homes, supra.*

■ Moreover, legal errors of an administrative body may always be corrected by a reviewing court. Administrative orders are

subject to interpretation by a reviewing court, which must enforce such orders according to existing law. *W.T. Sistrunk & Co. v. Kells*, Ky.App., 706 S.W.2d 417, 418–19 (1986). In addition, where an administrative body has misapplied the legal effect of the facts, courts are not bound to accept the legal conclusions of the administrative body. *Epsilon Trading Co. v. Revenue Cabinet*, Ky. App., 775 S.W.2d 937, 940 (1989).

The amendment to KRS 161.790, displaced the board of education in its administrative and quasi-judicial functions concerning the termination of tenured teachers' contracts with the three-member tribunal appointed by the chief state school officer. Thus, the Board in the case *sub judice* is now a complaining party before the tribunal in the termination process. Believing the tribunal lacked substantial evidentiary support for its decision not to terminate appellant, the Board now wants to appeal the tribunal's decision to circuit court. Lack of substantial evidence is one of the three grounds of judicial review designated by this Court upon which a determination can be made that the action taken by an administrative agency was arbitrary. *American Beauty Homes*, 379 S.W.2d at 456. Therefore, because the Board requests judicial review based upon the arbitrariness of the tribunal's decision, *American Beauty Homes* mandates that the Board must be allowed to seek judicial review in the circuit court. *Id.*

## IV. DOES THE BOARD HAVE AN INHERENT RIGHT TO APPEAL ABSENT AN EXPRESS STATUTORY PROVISION GRANTING A RIGHT TO APPEAL?

■ Because Section 2 of the Kentucky Constitution, as interpreted by *American Beauty Homes, supra,* grants the Board an inherent right to appeal the three-member tribunal's decision not to terminate appellant's contract with the Campbell Circuit Court based upon the arbitrariness of that decision, we finally must determine if the express language of KRS 161.790(8) extinguishes the Board's right. The relevant language of the statute regarding the express right of a teacher to appeal is as follows:

The teacher shall have the right to make an appeal to the Circuit Court having jurisdiction in the county where the school district is located. The appeal shall be commenced by filing a petition against the local board of education and the superintendent. The petition shall state the grounds upon which the teacher relies for a reversal or modification of the order of termination of contract. Upon service or waiver of summons in the appeal, the tribunal, with the assistance of the chief state school officer, shall transmit to the clerk of the court for filing a transcript of all the evidence considered at the hearing before the tribunal. The local board of education shall be responsible for the costs of the transcript. The court shall hear the appeal upon the record as certified by the tribunal and shall dispose of the appeal in a summary manner. Either the teacher or the superintendent and local board of education may appeal the action of the court to the Court of Appeals. If the appeal is not made within thirty (30) days following the final decision of the tribunal, the decision shall be final.

KRS 161.790(8).

Appellant contends that because KRS 161.790(8) is silent regarding the right of the Board to appeal the tribunal's decision, the statute, as a matter of law, precludes the Board from utilizing its inherent right to judicial review. Relying upon *Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984), appellant maintains that "courts have a duty to construe a statute literally unless to do so would lead to an absurd or wholly unreasonable conclusion."

When the General Assembly amended KRS 161.790(8) by replacing the board of education with the three-member tribunal in the teacher termination procedure, it apparently failed to include language in the statute allowing a board of education a right to appeal a tribunal's decision to the circuit court. This is illustrated by the statute's retention of language in KRS 161.790(8) which states, "[e]ither the teacher or the superintendent and local board of education may appeal the action of the circuit to the Court of Appeals."

■ We agree with the Court of Appeals that we cannot add language to a particular statute to make it constitutional. As we stated in *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248, 251 (1960):

> To insert or supply by construction the [board's right of appeal] would be an act of legislation and not an act of judicial construction. The statute by construction cannot be extended or enlarged beyond its fair import.

Likewise, we held in *Diemer v. Commonwealth, Transportation Cabinet*, Ky., 786 S.W.2d 861, 863–64 (1990) that:

> It is our responsibility to read the statutes of the General Assembly so as to save their constitutionality whenever such can be done consistent with reason and common sense . . .

Thus, we are able to save the constitutionality of KRS 161.790(8) without judicially adding words which grant the board of education a right to appeal the tribunal's decision by utilizing our holding in *American Beauty Homes, supra.* As we stated in *American Beauty Homes:*

> Basically, judicial review of administrative action is concerned with the question of arbitrariness. On this ground the courts will assume jurisdiction even in the absence of statutory authorization of an appeal. There is an inherent right of appeal from orders of administrative agencies where constitutional rights are involved, and Section (2) of the Constitution prohibits the exercise of arbitrary power.

379 S.W.2d 450, 456 (1964) (citations and footnotes omitted).

To put it more precisely, the Board has the right to seek judicial review in circuit court of the tribunal's decision on the grounds that the decision was arbitrary, despite the express language of KRS 161.790(8). Any additional language in KRS 161.790(8) granting a right of appeal to the Board is superfluous as it merely restates a right which already exists pursuant to *American Beauty Homes.*

The real significance of KRS 161.790(8) is in the procedural and time requirements it provides for both appeals to the circuit court and to the Court of Appeals, not in the right of appeal it purports to convey. As a teacher who appeals from the tribunal must already adhere to these requirements, so must a board of education also abide by these requirements as applicable.

## V. STANDARD OF REVIEW FOR JUDICIAL REVIEW

■ Finally, appellant asserts that if we determine that the Board does have a right to appeal, that the more demanding standard of "compelling evidence" be adopted. Appellant argues that the Court of Appeals has delineated the more demanding standard in the recent case of *Trimble Fiscal Court v. Snyder*, Ky.App., 866 S.W.2d 124, 126 (1993). Within that case the Court of Appeals declared:

> Where a party with the burden of persuading the fact finder fails to do so, his burden on appeal is great. He must show that the evidence in his favor was so compelling as to mandate a finding in his favor. In other words, no reasonable person would not find in his favor. If the evidence presented is not so compelling, then the decision is not arbitrary.

While this issue is not properly before this Court for consideration, as it was never raised in the courts below, even if it were, we would decline to depart from the "substantial evidence" standard set forth in our decision in *American Beauty Homes, supra.*

Accordingly, for the reasons set forth above, the decision of the Court of Appeals is affirmed.

All concur.