**KESSELRING v. CITY OF LOUISVILLE et al.**

Court of Appeals of Kentucky.

May 1, 1953.

tions which remain for consideration. They are: (1) Is the authority of the board to issue bonds for its own purposes under the provisions of KRS 212.450 exclusive or may such bonds be issued by other governmental agencies charged with supporting the board and deriving a direct benefit from its existence? (2) Is the issuance of bonds by the city for the direct benefit of the General Hospital and the indirect benefit of the board of health a loan of credit by the city to another corporation as contemplated by section 179 of the Constitution? (3) Does the resulting tax burden upon the taxpayers of the city amount to a double or nonuniform taxation in violation of section 171 of the Constitution?

Other contentions of appellant are waived in his brief or answered by the record. We shall, therefore, confine our discussion, in the order here given to the questions which we have indicated.

The Louisville and Jefferson County Board of Health which holds title to and operates General Hospital is a body politic and corporate, with jurisdiction over all matters formerly under the city and the county health departments. KRS 212.350. Although possessing sufficient statutory power to function as a local public health unit, the board is not self-sustaining inasmuch as its revenues, with a few minor exceptions, come directly by appropriation from the city and the county governments. KRS 212.470(1) requires an annual minimum appropriation of $750,000 from the city and $250,000 from the county. KRS 212.470(2) authorizes the city or county to assume the entire burden of providing the aggregate minimum appropriation.

There is nothing in KRS 212.450 which suggests that its provisions afford the exclusive method by which an indebtedness could be incurred or bonds issued for the benefit of the board. The statute refers exclusively to incurring indebtedness of the board and furnishes somewhat negative authority for the issuance of bonds by the board upon the assent of two-thirds of the voters of the county and city. The bonds here do not create an obligation of the board and do not purport to do so.

Garner M. Petrie, Louisville, for appellant.

Gilbert Burnett, Alex P. Humphrey and Cornelius W. Grafton, Louisville, Wyatt, Grafton & Grafton, Louisville, for appellees.

DUNCAN, Justice.

This is an action for a declaration of rights to test the validity of the issuance and sale of $3,000,000 general obligation bonds of the City of Louisville, the proceeds of which are intended for improvements and addition to buildings and equipment of the General Hospital. The lower court declared the bonds to be valid and authorized the issuance and sale.

It is conceded that an election was duly called and held on the question and more than two-thirds of the votes cast were in favor of the issuance of the bonds. In the lower court, other questions on the mechanics and procedure for issuing bonds were raised by the pleadings, but on the appeal, there are only three principal ques-

They constitute an exclusive obligation of the city, and the fact that their proceeds are to be used for improving property held by the board does not alter that fact.

General statutory authority for the issuance of bonds by a city of the first class is found in KRS 66.050, which is general in its terms. That statute contains no words of limitation which can be construed as prohibiting the issuance of bonds for capital improvements at General Hospital. That such a purpose is a proper public and municipal objective is no longer open to question.

Appellant insists that since the board is a corporation the issuance and sale of the bonds constitute a lending of the city's credit to the board in violation of section 179 of the Constitution. In support of his contention, the appellant cites Board of Education of City of Corbin v. City of Corbin, 301 Ky. 686, 192 S.W.2d 951, 952. There, the issue was whether or not the city of Corbin might lawfully appropriate $500 per month to the board of education to supplement the salaries of its teachers. This Court held that the city could not lawfully make such an appropriation and that the board of education was a separate corporation within the meaning of section 179. However, the real basis of the decision was that education was not a function of the city but was an exclusive function of the State from which the city, as such, could derive no benefit. This is made clear by the following statement from the opinion:

"Whilst this provision of the Constitution does not prohibit a municipality from participating with another municipality in a function it is permitted or required to perform by itself, and by which its inhabitants will reap a commensurate benefit (citing cases); nevertheless, it does prohibit a municipality from donating to a project from which no benefit may be received by it, or in which it may not independently engage."

Here, the board of health is but a means of carrying out a proper and necessary governmental function for the city and county. The city reaps the same benefits from the activities of the board as it formerly reaped from its own efforts. The constitutional authority of the city to expend the proceeds of the bond issue for the benefit of the board is as clear as its authority to contribute to the board from its general tax levy, as required by KRS 212.470.

Finally, it is contended that the levying of taxes for the payment of the bonds will constitute double taxation against the citizens of Louisville, in violation of the uniformity requirement of section 171 of the Constitution.

Here, the county levies its own tax upon all properties in the county, which, of course, includes city properties, for the support of the board. The city levies its own tax upon all property within the city alone for its contribution to the support of the board. Although this means that the city properties contribute twice to the same board, there is no lack of uniformity because each tax is levied uniformly upon all properties within the jurisdiction of the respective tax levying authorities. Again, we point out that the city properties contribute twice to the annual appropriation to the board, pursuant to the provision of KRS 212.470. If the contention of appellant is sound, every consolidation of governmental functions of a county and city would be unconstitutional since the property in the city inevitably bears its share of the county's contribution to the joint operation while paying its full share of the city's contribution.

We have examined all of the steps and proceedings in connection with the issuance of the bonds here involved. We conclude that the issue is valid in every respect and the city is authorized to issue and sell the bonds for the purposes indicated.

The judgment is affirmed.