**Raymond ANDERSON, Appellant,**

v.

**Philip PARKER, Warden Kentucky State Penitentiary and Kentucky Department of Corrections, Appellees.**

**No. 96–CA–2407–MR.**

Court of Appeals of Kentucky.

Sept. 19, 1997.

Rehearing Denied Nov. 14, 1997.

Discretionary Review Denied by Supreme Court May 13, 1998.

Raymond Anderson, Eddyville, pro se.

Before WILHOIT, C.J., and EMBERTON and GUIDUGLI, JJ.

GUIDUGLI, Judge.

Appellant, Raymond Anderson (Anderson), an inmate at the Kentucky State Penitentiary, appeals, pro se, from an order of the Lyon Circuit Court denying his petition for declaratory judgment wherein he sought relief from an alleged arbitrary denial of meritorious good time at that institution. We affirm.

On April 24, 1996, Anderson and nine other inmates at the Kentucky State Penitentiary filed identical petitions for declaratory judgment pursuant to KRS 418.040 seeking award of "improperly withheld good time" under Corrections Policies and Procedures (CPP) 15.3, which the inmates claimed was unconstitutionally vague and ambiguous and a violation of their respective due process and equal protection rights. In the alternative, petitioners sought an evidentiary hearing. Appellant Anderson also filed a "Petition for Determination of Class Action" alleging common questions of law and facts.

The Department of Corrections filed a response in opposition to the petitions which cited relevant statutes and regulations granting the Commissioner of Corrections discretion in the award of meritorious good time credit. The Department of Corrections

urged dismissal for failure to state an actual controversy.

On July 23, 1996, the Lyon Circuit Court entered an order denying the request for class certification, joining the parties into one action, and dismissing their combined petitions for declaratory judgment. Only Anderson appealed.

While technically an original action, an inmate petition shares many of the aspects of an appeal. Such a petition invokes the circuit court's authority to act as a court of review to ensure that the agency's judgment comports with the legal restrictions applicable to it. *Smith v. O'Dea*, Ky.App., 939 S.W.2d 353, 355 (1997). Petitions for declaratory judgment are filed by inmates seeking review of disputes with the Corrections Cabinet when habeas corpus proceedings are inappropriate, such as here. The circuit court's "review" is based upon the administrative record which greatly reduces the need for independent judicial factfinding. *Id.* at 356.

■■■ The regulation at issue, CPP 15.3, was adopted by the Department of Corrections pursuant to specific authority delegated by the legislature in KRS 197.045(3):

> (3) An inmate may, at the discretion of the commissioner, be allowed a deduction from a sentence not to exceed five (5) days per month for performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations and programs. The allowance shall be in addition to commutation of time for good conduct and under the same terms and conditions and without regard to length of sentence.[1]

CPP 15.3 authorizes the award of meritorious good time which is defined as, "a good time credit that *may* be awarded for performing duties of outstanding importance in connection with institutional operations and programs." The regulation clearly grants discretion to prison administrators as to whether the award shall be given.

This is not a case where the state has created a right to a good time credit which has not been awarded or taken from an inmate for *misconduct*. *See, Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In such cases Fourteenth Amendment "liberty" is implicated entitling inmates to minimum procedures required by the due process clause to insure that the state-created right is not arbitrarily abrogated. No inmate has a *right* to meritorious good time under CPP 15.3, it is a *privilege* bestowed at the discretion of the Commissioner.

Because the award of meritorious good time under CPP 15.3 is left entirely to the discretion of prison administrators, we hold inmates such as appellant have no protected liberty interest at stake in its' denial. Further, even if such a protected liberty interest was created by CPP 15.3, appellant received the procedural protections required by the due process clause. This is especially true when, as here, appellant has not presented a single factual allegation of "duties of outstanding importance" which might qualify him for consideration of the credit by the Commissioner of Corrections.

There are absolutely no facts alleged which would indicate an abuse of discretion in this case by prison administrators, e.g., that appellant performed "duties of outstanding importance in connection with institutional operations and programs."[2] The Lyon Circuit Court properly dismissed the petition.

---

1. A new subsection of KRS 197.045, subsection (4), became effective July 15, 1996, eight days before the entry of the circuit court order dismissing the inmate action:

> (4) (a) The Department of Corrections shall, by administrative regulation, specify the length of forfeiture of good time and the ability to earn good time in the future for those inmates who have civil actions dismissed because the court found the action to be malicious or harassing, or if satisfied that the action is legally without merit or factually frivolous.

> (b) Penalties set by administrative regulation pursuant to this subsection shall be as uniform as practicable throughout all institutions operated by, under contract to, or under the control of the department and shall specify a specific number of days or months of good time forfeited as well as any prohibition imposed on the future earning of good time.

2. The Department of Corrections did not request findings under KRS 197.045(4) in the Lyon Circuit Court and did not file a brief with this Court.

Appellant does not have standing to claim that CPP 15.3 is vague and ambiguous because this case presents no facts upon which any reasonable person could argue appellant was entitled to any good time credit.

Lastly, appellant was not entitled to a hearing on the issue of the denial of good time credit available under a policy created by authority of KRS 197.045 delegated to the Corrections Cabinet. *McGuffin v. Cowan,* Ky., 505 S.W.2d 773 (1974). The Lyon Circuit Court appropriately held no evidentiary hearing into the matter based on the allegations in the petition.

Accordingly, we affirm.

All concur.