David JOHNSON, Petitioner–Appellant,

v.

George MILLION, Warden, Respondent–Appellee.

No. 03–5325.

United States Court of Appeals, Sixth Circuit.

April 29, 2004.

David Johnson, Louisa, KY, for Petitioner–Appellant.

John T. Damron, Office of General Counsel, Department of Corrections, Frankfort, KY, for Respondent–Appellee.

Before: DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

### ORDER

This is an appeal from a district court judgment dismissing a state prisoner's petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Kentucky inmate David Johnson filed a petition for a writ of habeas corpus on the authority of 28 U.S.C. § 2254 directed to an alleged unconstitutional denial of the opportunity to earn meritorious good time credits and, arguably, the actual denial of the credits. The district court referred this petition to the Sixth Circuit for a determination as to whether Johnson, an inmate who had filed three previous § 2254 petitions, should be given permission to file a fourth. A panel of this court concluded that Johnson's petition was, in reality, a request for relief pursuant to 28 U.S.C. § 2241 and, as such, he did not need this court's permission to proceed. On remand, the district court ultimately held that Johnson's claims lacked merit and the court declined to issue a certificate of appealability. This court granted Johnson permission to present the following issue for appellate consideration: Was Johnson unconstitutionally denied good time credits because of an ex post facto application of Ky. Rev. St. § 197.045 to the facts of this case?

Johnson was committed to the Kentucky Department of Corrections in 1980 following his convictions for theft and burglary offenses. In 2001, Johnson filed a petition for a writ of habeas corpus in which he challenged the constitutionality of the Department of Corrections's meritorious good time credit policies. Johnson specifically alleged that, for the first several years of his confinement, the Kentucky Department of Corrections granted meritorious good time credits, and eligibility for those credits, in a "well settled" fashion

---

* The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

that resulted in an automatic award of meritorious good time credits for an unlimited number of past years once an inmate was eligible for such an award. Johnson contends that this policy was altered by a series of administrative regulations beginning in 1993. These changes effectively limited the consideration of meritorious good time credits to those earned only during the preceding year. Johnson thus claims that the application of this new policy violated his right to be free of ex post facto laws by eliminating his chances to be considered for an award of 880 days of meritorious good time credits representing those past years during which he was not eligible to earn these credits.

The district court ultimately determined that Johnson's petition should be dismissed. The court reviewed Johnson's claim in light of the versions of the meritorious good time policy as it had evolved during Johnson's incarceration. The court expressed doubt that the policy changes enacted by the Department of Corrections were laws within the meaning of the ex post facto prohibition but that, in any event, the policy changes were so attenuated as not to call into question any abridgement of Johnson's ex post facto rights. On appeal, Johnson takes issue with this judgment in its entirety.

One of the Constitution's two Ex Post Facto Clauses prohibits the states from enacting laws with certain retroactive effects. U.S. Const. art. I, § 10, cl. 1. The Clause applies to any statutory or policy change that "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). A new law or policy is in violation of the Ex Post Facto Clause 1) when it is retrospective, *i.e.*, when it applies to events occurring prior to its enactment, and 2)

when it disadvantages the offender affected by it. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). The Ex Post Facto Clause does not prohibit every legislative change that carries a theoretical risk of affecting a prisoner's punishment. *Morales*, 514 U.S. at 508. There is no single litmus test by which one may identify those legislative enactments that run afoul of the Ex Post Facto Clause; the inquiry, instead, is "a matter of degree." *Id.* at 509. Legislative changes that create "only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes" are not prohibited by the Clause. *Id.*

The case at bar presents just such a series of policy changes that have created "only the most speculative and attenuated possibility" that Johnson will suffer a prohibited increase in his criminal punishment. Kentucky inmates may receive credits against their sentences in a number of ways. In addition to the traditional notion of good conduct credit, or good time, inmates may receive additional sentence credit for performing exceptionally meritorious service or carrying out other duties of importance to the operation of the institution. These awards are wholly discretionary under Kentucky law. *See, e.g., Anderson v. Parker*, 964 S.W.2d 809, 811 (Ky.Ct.App.1997).

Johnson contends that, at the date his crime was committed and for many years thereafter, the Kentucky Department of Corrections automatically awarded the maximum amount of meritorious good time as soon as the inmate became eligible. Those inmates who took years to have good time losses restored would then, Johnson alleges, be awarded the maximum amount of meritorious good time for all of those years. Beginning in 1993, and in

every year since, an award of meritorious good time may only be considered for the preceding twelve months. Thus, Johnson reasons, he has lost the ability to be considered for an award of meritorious good time credit under the "well settled" policy of automatically awarding meritorious good time for as many years as the inmate was previously ineligible.

It is first noted that, while the meritorious good time guidelines in effect in 1980 may have permitted the Department of Corrections to consider an award for past years when the inmate was ineligible, there is absolutely no indication that such an award was automatic. To the contrary, the guidelines in effect set forth complex, behavior-based criteria upon which an award of meritorious good time was to be premised. Johnson's assertion of a "well settled" practice of automatic awards therefore appears to be nothing more an expression of his subjective expectation.

In addition, subsequent revisions to the policy in question worked to Johnson's substantial advantage in immediate, measurable ways. The prior versions of the policy prohibited the award of meritorious good time credit to an inmate with any outstanding good time loss. Effective June 7, 1993, however, an inmate was eligible for an award of meritorious good time even if he had an outstanding good time loss. This was later amended to limit consideration of meritorious good time only to those with fewer than ninety days of lost good time. These awards were to be considered every twelve months on the anniversary of the inmate's incarceration, and were not to relate back to any prior award period. This change resulted in Johnson's eligibility for an award of seventy-five meritorious good time days in 2000 when, under the previous version of the policy, he would not have been eligible for these days.

Johnson's claim patently rests on an alleged "well settled" policy of the Kentucky Department of Corrections for which there is no support in the applicable regulations. The policy changes from which he claims to have suffered an unconstitutional increase in his punishment have demonstrably produced the opposite effect. Johnson's petition is wholly "speculative and attenuated" and does not show any ex post facto violation. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.