Kent **HILL**, Appellant,

v.

Ladonna **THOMPSON**, Appellee.

No. 2009–CA–000015–MR.

Court of Appeals of Kentucky.

Oct. 23, 2009.

---

Kent Frank Hill, LaGrange, KY, pro se.

Wesley W. Duke, Frankfort, KY, for appellee.

Before CAPERTON, CLAYTON, and DIXON, Judges.

## OPINION

CAPERTON, Judge.

Appellant, Kent Frank Hill, appeals the Franklin Circuit Court's December 12, 2008, order denying three petitions filed by Hill for declaration of rights [1] under House Bill 406 and the rules of policy and procedure of Appellee, the Kentucky Department of Corrections (DOC). After a thorough review of the record, the arguments of the parties, and the applicable law, we affirm.

Hill is a prison inmate serving a 28–year sentence for numerous felony convictions. Hill was paroled on or about July 30, 1993. On March 7, 1995, a parole violation warrant was issued, the stated basis of which was "absconding from parole supervision." [2] Shortly thereafter, on April 8, 1995, Hill committed the felony of Theft by Unlawful Taking for which he was arrested and jailed. Thereafter, while Hill remained in jail, the aforementioned parole violation warrant was served upon him on May 26, 1995. Hill was ultimately not convicted on the new felony until April 23, 1996, after he had already returned to prison for the parole violation.

After returning to prison, Hill filed multiple petitions for declaration of rights with the Franklin Circuit Court as previously noted herein. Two of those petitions sought a declaration of his rights under House Bill 406, which grants parole supervision credit, and the third petition sought a declaration of his rights pursuant to the DOC's Kentucky Corrections Policy and Procedures (CPP) 15.3, which addresses awards of meritorious good time. In the interest of efficiency, the court below disposed of all three cases in one order of December 12, 2008. In that order, the Court found that the DOC correctly applied both House Bill 406 and CPP 15.3 as it concerned Hill and dismissed each petition with prejudice. It is from that order of denial that Hill now appeals to this Court.

In reviewing the petitions filed by Hill, we note that in his first two petitions, filed

1. We note that Hill filed three cases seeking declaration of his rights, which were docketed as 08–CI–1126, 08–CI–1734, and 08–CI–1740. In two of those cases, Hill sought a declaration of rights under House Bill 406, which gives parolees credit for street time against the remaining sentence to be served when returned to jail. In the case docketed 08–CI–1740, Hill sought a declaration of his rights

under the DOC Policy and Procedure 15.3, which sets forth the process by which inmates are awarded meritorious good time. The court below disposed of all three cases in a single December 12, 2008 order.

2. *See* Appendix # 1, Kentucky Corrections Resident Record Card.

under case numbers 08–CI–1126 and 08–CI–1734, Hill asserted that he should receive credit pursuant to the provisions of House Bill 406 for the time he spent on parole. House Bill 406 states with respect to this issue:

> Probation and Parole Credit: Notwithstanding KRS 439.344, the period of time spent on parole shall count as a part of the prisoner's remaining unexpired sentence when it is used to determine a parolee's eligibility for a final discharge from parole as set out in subsection (5) of this section or when a parolee is returned as a parole violator for a violation other than a new felony conviction.

H.R. 406, Reg. Sess. (Ky.2008).

■ The 2009 Legislature in Regular Session amended KRS 439.344(2) to read:

> The period of time while on parole shall count as part of the prisoner's sentence, except when a parolee is:
>
> (1) Returned to prison as a parole violator for a new felony conviction;
>
> (2) Classified as a violent offender pursuant to KRS 439.3401; or
>
> (3) A registered sex offender pursuant to KRS 17.500 to 17.580.

Hill argues that based upon the language of HB 406, he should be given parole credit as a parolee who was "returned as a parole violator for a violation other than a felony conviction." Hill argues that he should receive the credit because he was returned to prison for absconding from parole supervision and not for a new felony conviction on the Theft by Unlawful Taking charge.[3] Hill argues that taking the statutory language literally and applying it to his case would grant him 586 days of credit towards his maximum sentence.

In response, the DOC argues that the specific interpretation of the statute asserted by Hill creates a result that goes against both the spirit of the law and the general intent of the legislative body that drafted and enacted it. The DOC reasons that the general purpose for disallowing credit for "street time" for those returning to prison for a new felony conviction is to incentivize parolees against committing new felonies while out on parole and to punish those who continue to disobey the law. The DOC further asserts that those that commit felonies while out on parole should not be allowed to receive credit under the newly amended statute, whether or not they have been convicted of the felony by the time they were sent back to prison.

■ At the outset, we note that the construction and application of statutes is a matter of law and may be reviewed *de novo*. *See Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth, Transp. Cabinet*, 983 S.W.2d 488, 490 (Ky.1998). We therefore review the statute without reference or deference to the statutory interpretation of the circuit court. *See Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky.App.1998). Further, we note that a court has a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. *See Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984); *Kentucky Unemployment Ins. Comm'n v. Jones*, 809 S.W.2d 715, 716 (Ky.App.1991).

■ Clearly, this case rests on an interpretation of the wording of KRS 439.344, specifically as it pertains to credit toward a criminal sentence for time spent on parole by a parolee. Having reviewed the statute, this Court agrees with the DOC that a

---

**3.** Hill was convicted of the charge after his parole was revoked and he had been returned to prison on another violation (not a new felony conviction).

literal interpretation of the statute appears to go against not only the clear intent of the legislature but also against general common sense. Indeed, there is a presumption that the legislature will not intend an absurdity. *See Overnite Transp. Co. v. Gaddis,* 793 S.W.2d 129, 131 (Ky. App.1990), citing *Valla v. Preston Street Road Water District No. 1 of Jefferson County,* 395 S.W.2d 772 (Ky.1965). As this Court is unwilling to interpret the statute in a manner which would indeed lead to an absurd result, we affirm for the reasons set forth herein below.

In reviewing the statute we note, under the literal interpretation argued by Hill, that a parolee who is charged with a new felony while out on parole might undergo a parole violation proceeding yielding different, if not conflicting, results depending on the grounds used for revocation.

The anomaly presented by a literal interpretation of the statute would occur when comparing two parolees, both of whom have new felony convictions but one has additional potential parole violations while the other has no other potential violations. Consider the situation where a parolee has, as his only potential violation, a new felony charge and the ultimate conviction thereon serves as the sole basis for the parole violation and, thus, the parolee does not receive credit for time spent on parole. In contrast, consider a parolee who has multiple potential violations, one of which is a new felony of which he is ultimately convicted and, by mere happenstance, is revoked on a violation other than the new felony conviction and, thus, *does* receive credit for time spent on parole.

The DOC argues, and we agree, that the legislative purpose for disallowing credit for "street time" for those returning to prison on a new felony conviction is to incentivize parolees against committing new felonies while out on parole and to punish those who continue to disobey the law. Our legislature, in its wisdom, has sought to achieve a perfect result in a less than perfect world. In enacting this bill into law, the legislature surely did not intent to create a windfall for a repeat felon by allowing a parolee who has numerous violations, and one so serious as a new felony, to receive credit for time on parole if the violation for which he is ultimately returned to prison is not the new felony conviction itself.

Accordingly, it is our opinion that the intent of this statute was clearly to reward those parolees who maintained, in a general sense, law-abiding behavior while serving on parole. Conversely, it was also obviously intended by the legislature that those parolees who could not maintain a respect for the laws of this Commonwealth be punished appropriately along the guidelines of their original sentence(s), as evidenced by an exception to the credit for violators with a new felony conviction or convictions.

A literal interpretation of this exception would lead to situations like the matter *sub judice,* where a lifelong perpetual criminal is receiving credit for time spent while out on the streets, even when committing new felonies and abusing all aspects of our justice system. Accordingly, we must agree with the DOC that a literal interpretation goes against both the spirit and intent of the law, as well as against the general well-being and safety of the Commonwealth. We simply cannot believe that the legislature intended the absurd result which would follow from a literal interpretation of the statute asserted by Hill. Therefore, for the foregoing reasons, we reject Hill's argument and find that he is not entitled to credit against his sentence for time spent while on parole.

Therefore, we hereby affirm the circuit court's order on the appeals taken from case numbers 08–CI–1126 and 08–CI–1734. Having so found, we now address the appeal taken from case number 08–CI–1740.

Hill asserts entitlement to meritorious good time credit pursuant to CPP 15.3, which sets forth the process by which awards of meritorious good time are to be considered. KRS 197.045(3) addresses the award of meritorious good time, providing that:

> An inmate may, at the discretion of the commissioner, be allowed a deduction from a sentence not to exceed five (5) days per month for performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations and programs. The allowance shall be an addition to commutation of time for good conduct and under the same terms and conditions and without regard to length of sentence.

In October of 2008, Hill filed a petition for declaration of rights asserting that he was denied due process of law when the DOC failed to consider and timely act upon his eligibility for meritorious good time credit totaling 335 days. Hill argues that good time credit accumulated prior to his release from prison in 1993 was not awarded. Hill requested credit for the accumulated good time upon his return to prison for parole violation in 1995. The request was denied by the DOC, reminding Hill that good time was a privilege and not a right.

The Commonwealth objected to Hill's request for relief on three grounds: (1) because Hill escaped from prison before the DOC had an opportunity to consider his eligibility in 1995, Hill lost his status as a model prisoner entitled to MGT; (2) the DOC's policies and procedures relating to MGT do not confer any right or entitlement upon an inmate to receive MGT, regardless of the inmate's behavior while incarcerated; and (3) Hill's petition was barred by the one-year statute of limitations set forth under KRS 413.140, because 13 years had lapsed between 1995 and the time Hill brought the petition.

In reviewing this matter, the court below agreed with each of the Commonwealth's arguments on this issue and dismissed Hill's petition accordingly. Having reviewed the applicable law, we are in agreement with the circuit court, and therefore affirm.

The law in this Commonwealth as it pertains to awards of meritorious good time is clear. Such awards are entirely discretionary and inmates possess no automatic entitlement to them. *See Anderson v. Parker*, 964 S.W.2d 809 (Ky. App.1997). Further, while it is true that an individual is entitled to due process under the Fourteenth Amendment before his life or property can be taken from him, an inmate making such a claim must demonstrate that he was deprived of a protected liberty or property interest by arbitrary governmental action. *See Williams v. Bass*, 63 F.3d 483, 485 (6th Cir.1995). It is the well-established law of this Commonwealth that an inmate has no liberty interest in the receipt of meritorious good time under KRS 197.045(3) since it is awarded entirely at the discretion of the DOC. *See Anderson, supra; see also Martin v. Chandler*, 122 S.W.3d 540, 551 (Ky.2003).

In the matter *sub judice*, the DOC had the discretion whether to award good time to Hill. The DOC exercised that discretion appropriately, particularly in light of Hill's successful escape during the time that he was being considered for a good time award. We do not find that the DOC in any way abused its discretion in declining to make such an award.

**898**

■ Regardless, and with respect to Hill's assertions that he was not considered for meritorious good time at all between 1990 and 1993, and again in 1995, we find that the statute of limitations set forth in KRS 413.140 bars such an action in any event. Clearly, under the law of this Commonwealth, an action for declaration of rights alleging a violation of constitutional rights is subject to the one-year statute of limitations set forth in KRS 413.140. *See Million v. Raymer,* 139 S.W.3d 914 (Ky. 2004).

■ As in the matter *sub judice,* Raymer was a Kentucky prison inmate who filed a declaratory judgment action pursuant to KRS Chapter 418, alleging that correctional officers had denied him due process of law. In reviewing the matter, the Supreme Court held that the one-year statute of limitations was applicable to Raymer's claim. Accordingly, even if we had not found meritorious good time awards to be discretionary, we would nevertheless affirm the circuit court's finding that Hill's claims in this regard are barred by the aforementioned limitations statute.

Accordingly, for the foregoing reasons, we hereby affirm the December 12, 2008, order of the Franklin Circuit Court, the Honorable Thomas D. Wingate, presiding.

ALL CONCUR.