RENDERED: JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1195-MR

TERRY FRAZIER                                       APPELLANT

v.                 APPEAL FROM UNION CIRCUIT COURT
HONORABLE C. RENÉ WILLIAMS, JUDGE
ACTION NO. 18-CI-00209

DEPARTMENT OF CORRECTIONS[1]                   APPELLEES
AND KENTUCKY PAROLE BOARD

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; GOODWINE AND KRAMER, JUDGES.

---

[1] The circuit court dismissed the Department of Corrections from the underlying action because the decision to grant or deny parole lies exclusively with the Kentucky Parole Board, and the Department of Corrections does not exercise authority over the Kentucky Parole Board.  *See* Kentucky Revised Statutes (KRS) 439.330 and 196.070.  Frazier nevertheless named the Department of Corrections in this appeal, although he raises no issues regarding their dismissal from the underlying action.

KRAMER, JUDGE: Terry Frazier appeals from the Union Circuit Court's order dismissing his petition for declaration of rights filed pursuant to KRS 418.040. We affirm.

In 1993, Frazier entered a guilty plea to two counts of first-degree robbery, two counts of first-degree burglary, and murder. His plea agreement states that his sentence is "life without the possibility of parole for 25 years." On August 8, 2017, Frazier had a hearing before the Kentucky Parole Board. On August 15, 2017, the Parole Board denied parole to Frazier and ordered him to serve out his life sentence. Frazier submitted a request for reconsideration of the Parole Board's decision, which was denied on September 26, 2017. Frazier filed a *pro se* petition for declaration of rights in the Union Circuit Court on December 5, 2018, claiming he was denied due process under the Fourteenth Amendment of the United States Constitution and that the Parole Board violated the separation of powers doctrine[2] by changing his sentence from life with the possibility of parole to life without the possibility of parole.

Frazier made numerous *pro se* filings, but he was eventually appointed counsel. The Parole Board and Department of Corrections filed a joint motion to dismiss. The circuit court dismissed the Department of Corrections and also dismissed the petition against the Parole Board as time-barred. However, in

---

[2] *See* Sections 27 and 28 of the Kentucky Constitution.

the same order, the circuit court nonetheless went on to address the merits of Frazier's argument. This appeal followed. In his brief to this Court, Frazier addresses only the merits of his argument and does not address whether his petition was timely filed.

KRS 418.040 states that

[i]n any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

Although KRS 418.040 does not set out a statute of limitations for declaratory judgment actions, this Court has ruled that the requirement of an "actual controversy" is constitutional in origin.[3] *Berger Family Real Estate, LLC v. City of Covington*, 464 S.W.3d 160, 166-67 (Ky. App. 2015). Frazier's petition, as well as his arguments to this Court, cite violations of the Fourteenth Amendment of the United States Constitution and Section 28 of the Kentucky Constitution. "In Kentucky, such [constitutional] claims are subject to our one-year limitations period under KRS 413.140 for personal-injury actions." *Million v. Raymer*, 139 S.W.3d 914, 919 (Ky. 2004) (citation omitted).

---

[3] *See* Section 112(5) of the Kentucky Constitution, which states that "[t]he Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law."

Regarding the timeliness of Frazier's declaratory action, the circuit court found as follows:

> [Frazier's] petition for reconsideration was denied by the Parole Board on September 26, 2017. This Petition was dated November 26, 2018,[4] and filed with the Court on December [5], 2018, which was one year and two months after his petition for reconsideration which was denied on September 26, 2017. [Frazier] claims he did not receive notice of the denial until December 2017. However, he submits no facts as to how he did receive notification, or exactly when, i.e., by paper or in some electronic manner, with no proof or verification.
>
> Therefore, the Court finds his claim to be time-barred by the one-year statute of limitations. (See *Hill [v.] Thompson*, 297 S.W.3d 892, 898 (Ky. App. 2009)[.]

Frazier has not addressed nor appealed this finding to our Court and hence, has waived it. *See Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815 (Ky. 2004) (holding that failure to address discovery request in appellate brief constituted a waiver of the issue); *see also Commonwealth v. Bivins*, 740 S.W.2d 954, 956 (Ky. 1987) (citation omitted) ("Normally, assignments of error not argued in an appellant's brief are waived."). Given that the untimeliness of the filing of Frazier's declaratory action is dispositive of Frazier's appeal, we decline to review his case further and accordingly affirm.

---

[4] Frazier included a notice and certificate of service section in his petition that were dated November 26, 2018; however, the petition was filed in the circuit court on December 5, 2018.

ALL CONCUR.


BRIEF FOR APPELLANT:

J. Ryan Chailland
Frankfort, Kentucky

BRIEF FOR APPELLEE
KENTUCKY PAROLE BOARD:

Angela T. Dunham
Frankfort, Kentucky