RENDERED: MAY 6, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1078-MR

BLAINE A. BRAY                                                                APPELLANT

APPEAL FROM MUHLENBERG CIRCUIT COURT
v.          HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 21-CI-00061

KENTUCKY DEPARTMENT
OF CORRECTIONS                                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: Appellant Blaine A. Bray challenges the summary dismissal of

his petition for a declaration that he is entitled to an award of meritorious good

time credits under Kentucky Revised Statute (KRS) 197.045. The Muhlenberg

Circuit Court concluded that because meritorious good time awards are purely

discretionary, Bray failed to demonstrate the deprivation of a protected liberty

interest entitling him to the relief he seeks. We agree and affirm the grant of summary judgment.

The facts are neither complex nor in dispute. Appellant Bray is currently incarcerated at Green River Correctional Complex in Central City, Kentucky. After determining that he had not been receiving meritorious good time credits for several months, Bray inquired into the reason he had not received the credits. Bray alleged in his petition for a declaration of his entitlement to the credits that the deputy warden had informed him that he was not entitled to meritorious good time credit because he had failed to sign up for, nor was he on a waiting list for, a required substance abuse program. Bray acknowledged in his petition that he had been recommended to complete a substance abuse program but argued that such a recommendation was improper because he had not been convicted of an offense involving drugs or alcohol.

Bray's petition for a declaration of rights was predicated upon his contention that the warden's decision to deny him meritorious good time violates the due process and equal protection guarantees set out in the Fifth, Sixth, and Eleventh Amendments to the United States Constitution, as well as Sections Two, Three, and Eleven of the Kentucky Constitution.

Citing KRS 197.045 and *Anderson v. Parker*, 964 S.W.2d 809 (Ky. App. 1997), the circuit court granted the Department's motion for summary

judgment concluding that "[u]nder state law, meritorious good time awards are purely discretionary." Accordingly, it held that Bray had "failed to demonstrate the deprivation of a protected liberty interest" required for a grant of declaratory relief. This appeal followed.

We commence with a reiteration of the familiar standards by which appellate courts review a grant of summary judgment. The standard of review for appeals concerning summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rule of Civil Procedure (CR) 56.03. Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citing *Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255 (Ky. 1985)). Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]" *Huddleston v. Hughes*, 843 S.W.2d 901, 903 (Ky. App. 1992) (citing *Steelvest, supra*). With these principles in mind, we turn to an examination of Bray's arguments for reversal of the decision of the circuit court.

As an initial matter, the Department argues that this Court should decline to address the merits of this appeal on the basis that Bray's brief fails to

comply with the dictates of CR 76.12. Although we acknowledge the technical deficiencies of Bray's brief, this Court is inclined toward leniency in the case given Bray's status as a *pro se* litigant, as well as the fact that the cited deficiencies have not hampered the Court's review of the purely legal arguments presented.

Concerning those arguments, we find no error in the decision of the circuit court. Although there is some surface appeal to Bray's argument that good time credits cannot be withheld on the basis of his failure to enroll in a program he was never ordered to complete, he cannot prevail on that contention for two reasons: 1) Bray did not present that argument to the circuit court; and 2) it is at odds with established caselaw and the plain language of KRS 197.045. First, as the Department notes, Bray has altered his argument in this forum. Although he now argues that he was never required to participate in a substance abuse program, Bray stated in his petition to the circuit court that he had been improperly ordered to complete a substance abuse program because he had not been convicted of a crime involving drugs or alcohol. The fact that his current argument was not presented to the circuit court for review is alone a sufficient basis for affirming the decision of the circuit court. However, even had that deficiency not precluded our review, KRS 197.045 clearly dispels Bray's contention that he has been deprived a protected interest for which he can receive relief.

That statute provides in pertinent part:

(1) Any person convicted and sentenced to a state penal institution:

. . . .

> (b) **May** receive a credit on his or her sentence for:
>
>> 3. Acts of exceptional service during times of emergency, awarded **at the discretion of the commissioner** in an amount not to exceed seven (7) days per month.

(Emphases added.) Thus, the unambiguous language of KRS 197.045(1)(b)3. makes clear that awards of meritorious good time are, as the circuit court determined, *purely discretionary*.

Further, caselaw interpreting the statute supports the decision of the circuit court. Bray's precise argument was rejected by this Court in *Hill v. Thompson*, 297 S.W.3d 892 (Ky. App. 2009), holding:

> The law in this Commonwealth as it pertains to awards of meritorious good time is clear. Such awards are entirely discretionary and inmates possess no automatic entitlement to them.

*Id.* at 897 (citations omitted). Similarly, in *Anderson*, 964 S.W.2d 809, this Court upheld the dismissal of Anderson's petition for a declaration of rights, stating:

> **This is not a case where the state has created a right to a good time credit which has not been awarded or taken from an inmate for misconduct**. *See, Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct.

2293, 132 L. Ed. 2d 418 (1995). In such cases Fourteenth Amendment "liberty" is implicated entitling inmates to minimum procedures required by the due process clause to insure that the state-created right is not arbitrarily abrogated. **No inmate has a right to meritorious good time under** [**Corrections Policy and Procedure**] **15.3, it is a privilege bestowed at the discretion of the Commissioner**.

*Id*. at 810 (emphases added). Thus, as in *Hill* and *Anderson*, Bray had no protected right to the relief he seeks.

We are similarly unconvinced that Bray has established a claim under the equal protection clause. Although Bray is essentially complaining that the Department exercised its discretion arbitrarily, a prisoner cannot establish "a violation of his equal protection rights simply by showing that other inmates were treated differently. He would have to show that he was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) (internal quotation marks omitted). Because Bray has failed to establish that he is a member of some suspect classification, his claim under the equal protection clause must fail as well.

Because an award of meritorious good time credit under KRS 197.045(1)(b)3. is completely discretionary, we perceive no error in the Muhlenberg Circuit Court's grant of summary judgment on Bray's petition for a declaration of rights. Having no protected liberty interest in meritorious good time

awards, Bray cannot prevail on his claim that the Department has deprived a guaranteed right.

Accordingly, we affirm the judgment of the Muhlenberg Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Blaine A. Bray, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Frankfort, Kentucky